UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
KRISTIN STEIN,                                         **Case No. 7:21-cv-05673-PMH**

                Plaintiff,

      - against –

TOWN OF GREENBURGH, BRIAN RYAN in his official
capacity as Interim Chief of Police and individually,
CHRIS MCNERNEY in his official capacity as Chief of
Police and individually, ROBERT J. GRAMAGLIA in
his official capacity as a Lieutenant and individually,
KOBIE POWELL in his official capacity as a Lieutenant
and individually, BRIAN MATTHEWS in his official
capacity as a Lieutenant and individually, FRANK FARINA
in his official capacity as a Patrol Captain and individually,
DENNIS BASULTO in his official capacities as a Sergeant
and Lieutenant and individually, ERIC VLASATY in his
official capacity as a Sergeant and individually,
PATRICK T. GRADY in his official capacity as a Sergeant
and individually, MICHAEL COOKINGHAM in his
official capacity as a Sergeant and individually, ALEX
RODRIGUEZ in his official capacity as a Sergeant and
individually, JEFF CERONE in his official capacity as a
Police Officer and individually, JOHN PILLA in his official
capacity as a Police Officer and individually, BRIAN DOHERTY,
in his official capacity as a Police Officer and individually,
DYANA ALBANO in her official capacity as a Police Officer
and individually, and FRANK KOZAKIEWICZ in his official
capacity as a Police Officer and individually,

                Defendants.
----------------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

*LAW OFFICE OF VINCENT TOOMEY*
*3000 MARCUS AVENUE*
*SUITE 1W10*
*LAKE SUCCESS, NEW YORK 11042*
*(516) 358-5690*

# TABLE OF CONTENTS

Page No

TABLE OF AUTHORITIES .................................................................................................... ii

INTRODUCTION ........................................................................................................................ 1

PROCEDURAL BACKGROUND ............................................................................................... 1

ARGUMENT ................................................................................................................................ 2

    POINT I    STANDARD OF REVIEW ............................................................................. 2

    POINT II    PLAINTIFF'S TITLE VII CLAIMS BASED ON ALLEGED CONDUCT .......... 2

    POINT III    PLAINTIFF'S NYSHRL CLAIMS SHOULD BE DISMISSED FOR FAILURE TO SERVE A NOTICE OF CLAIM UNDER TOWN LAW § 67 ......................... 8

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

**Page No.**

**Cases**

*Alexander v. City of Syracuse,* 2018 WL 6591426 (N.D.N.Y. Dec. 13, 2018) .............................. 8

*Annunziata v. IBEW Loc. Union # 363*, No. 15-CV-03363 (NSR), 2018 WL 2416568 (S.D.N.Y. May 29, 2018) .................................................................................................................. 6

*Batista v. Waldorf Astoria,* 2015 WL 4402590 ........................................................................... 6

*Comerford v. Village of North Syracuse,* 2021 WL 950974 (N.D.N.Y. March 12, 2021) ............ 8

*France v. Touro College,* 2016 WL 1105400 (E.D.N.Y. Feb. 16, 2016) ...................................... 9

*Jain v. McGraw-Hill Cos.*, 827 F.Supp.2d 272 (SDNY 2011) ...................................................... 9

*McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70 (2d Cir. 2010) .................................................. 5

*Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) . 5

*Parra v. City of White Plains,* 48 F.Supp.3d 542 (S.D.N.Y. 2014) .............................................. 6

*Sanderson v. New York State Elec. & Gas Corp.*, 560 Fed.App'x. 88 (2d Cir. 2014) ................... 6

*Sealy v. SUNY at Stony Brook*, 834 Fed.App'x 611 (2d Cir. 2020) .............................................. 6

*Tyson v. Town of Ramapo*, 2019 WL 1331913 (S.D.N.Y. 2019)) ................................................ 8

**Statutes**

42 U.S.C. § 2000e-5(e)(1) ................................................................................................ 1, 2, 7, 10

NY Executive Law § 296(6) .......................................................................................................... 9

NY Executive Law § 296(7) .......................................................................................................... 9

NY General Municipal Law § 50-e ............................................................................................... 8

NY General Municipal Law § 50-e(7) ........................................................................................... 8

NY General Municipal Law § 207-c .............................................................................................. 9

NY Town Law § 67 ................................................................................................................... 2, 8

## INTRODUCTION

The Defendants, Town of Greenburgh, Brian Ryan, Chris McNerney, Frank Farina and Kobie Powell (collectively "Defendants") respectfully submit this memorandum of law as their reply to certain points made in the Plaintiff, Kristin Stein's ("Plaintiff"), opposition to the Defendants' motion to dismiss. The Defendants respectfully refer the Court to their original memorandum of law, dated April 8, 2022, and the papers submitted therewith, for a more thorough discussion of the grounds for their instant motion.

The instant motion is based upon two grounds. First, Plaintiff's Title VII claims are severely time-barred by her failure to timely file a charge of discrimination with the EEOC within the 300-day statute of limitations period pursuant to 42 U.S.C. § 2000e-5(e)(1). Second, Plaintiff's NYSHRL claims are barred by her failure to serve a timely notice of claim upon the Town pursuant to NY Town Law § 67 prior to commencing this action.

## ADDITIONAL PROCEDURAL BACKGROUND

As additional procedural background, the Defendants, pursuant to this Court's Individual Rules, sent a pre-motion letter to Plaintiff's counsel with the anticipated grounds for their motion. After the initial exchange of letters between counsel, Defendants sent a pre-motion letter to the Court, dated September 27, 2021, in which the Defendants requested a pre-motion conference identifying some, but not all, of the grounds addressed in the initial exchange between counsel. (Declaration of Denise M. Cossu, Esq. in Opposition to Motion, dated May 5, 2022, Ex. 2-5.)

The parties discussed the Defendants' anticipated motion before the Court at the pre-motion telephone conference on November 16, 2021. While the Defendants had identified several grounds for their anticipated motion to dismiss in the pre-motion letter, the Defendants ultimately indicated that they sought leave to file a motion pursuant to Fed. R. Civ. P. 12(b)(6) limited to the

Plaintiff's failure to timely file a charge of discrimination pursuant to 42 U.S.C. § 2000e-5(e)(1) and the failure to timely serve a notice of claim on the Town pursuant to NY Town Law § 67. On November 16, 2021, the Court granted Defendants leave to move to dismiss under Rule 12(b) concerning the 300-day limitation issue applicable to Title VII claims and the notice of claim issue applicable to New York State claims. (Case No. 7:21-cv-05673-PMH, Minute Entry, 11/16/21.)

After a briefing schedule was set, counsel for the parties mutually consented to extensions to coordinate the briefing schedule for the instant motion and the Plaintiff's request to file an Amended and Supplemental Complaint. However, at all points the Defendants reserved all of their arguments, objections and defenses with respect to both the instant motion and which they may raise at any other point in the litigation. (Declaration of Denise M. Cossu, Esq., Ex. 6-8.)

## ARGUMENT

### POINT I

### STANDARD OF REVIEW

Defendants respectfully refer the Court to Point I of Defendants' memorandum of law in support of this motion to dismiss, dated April 8, 2022, for a recitation of the standard of review applicable to this motion.

### POINT II

### PLAINTIFF'S TITLE VII CLAIMS BASED ON ALLEGED CONDUCT OCCURRING MORE THAN 300 DAYS BEFORE PLAINTIFF FILED HER EEOC CHARGE ARE TIME-BARRED

As discussed more fully in the Defendants' memorandum of law in support of their motion to dismiss, Plaintiff's Title VII claims based on acts allegedly occurring outside of the 300-day period for filing a charge of discrimination with the EEOC pursuant to 42 U.S.C. § 2000e-5(e)(1), i.e., before October 10, 2019, are time-barred.

Plaintiff alleges that in 2017 she was the subject of unwanted attention from another police officer, Defendant Kozakiewicz. *See* First Amended and Supplemental Complaint (the "Amended Complaint"), at ¶¶48-53. Without conceding any allegations or claims in the Amended Complaint, for purposes of this motion, Plaintiff's claims regarding the alleged conduct in 2017 are time-barred because she first asserted those claims in her EEOC Charge in August 2020, more than three years later.

The Amended Complaint also alleges that in 2018 another male police officer, Defendant Cerone, sent her unwanted text messages (Amended Complaint, ¶54-59), and that on January 19, 2019, during a roll call attended by several law enforcement officers, he forcibly pushed her (*id.,* ¶60-66). Plaintiff concedes that the GPD investigated the matter and took responsive action, including disciplining the other officer and removing him from Plaintiff's shift. *Id.,* ¶64-65. While the Defendants do not concede, and strongly contest and dispute, Plaintiff's allegations and claims in the Amended Complaint, including but not limited to those regarding the incident on January 19, 2019, Plaintiff waited more than 18 months before even filing her EEOC Charge in August 2020. Her Title VII claims based on these incidents, and any other alleged conduct occurring before October 10, 2019, are time-barred.

In her opposition to this motion, Plaintiff argues that her time-barred Title VII claims based on allegations before October 10, 2019 are revived based upon a continuing violation theory. In support of her opposition, Plaintiff has simply reiterated many of the allegations in the Amended Complaint. Merely reciting the allegations from the complaint in a narrative form, instead of separate numbered paragraphs, does not change the fact that the complaint alleges a series of discrete actions, by different alleged actors, separated over five calendar years.

Even accepting the plausible allegations in the Amended Complaint as true for purposes of

3

this motion, there is no basis to conclude that the Plaintiff's time-barred claims regarding alleged conduct in 2017, 2018 and January 19, 2019 are revived by alleged conduct within the 300-day period before Plaintiff filed her EEOC Charge in August 2020.

First there is no claim that either of the officers who are the subjects of Plaintiff's allegations regarding conduct in 2017, 2018 and January 19, 2019 engaged in any inappropriate conduct toward Plaintiff during the 300-day period before the filing of the EEOC Charge.

Thus, the only other allegation in the Amended Complaint regarding Defendant Kozakiewicz is that, on August 15, 2020, during a discussion with two officers other than Plaintiff, he concurred with another officer's opinion that Plaintiff is not trustworthy. *See* Amended Complaint, ¶87. There is no allegation that the officer made any statements to or engaged in any conduct toward Plaintiff. Even accepting the allegation as true for purposes of this motion, nothing in the facts alleged support's Plaintiff's postulate that the comment is "an obvious reference to the detail of her EEOC Charge". Plaintiff does not allege that the officer even referenced the EEOC Charge, and she has not alleged how the other officer, or anyone other than Plaintiff, would have known about Plaintiff's filing of an EEOC charge as of August 15, 2020. The Court is not required to accept as true allegations which are conclusory or inferences which are not plausible.

This is a consistent pattern in the Complaint. For example, while Plaintiff alleges that Defendant Cerone made a statement about another officer who was a candidate in a PBA election, there is no allegation in the Complaint supporting Plaintiff's conclusory supposition that the statement about the union election was directed at Plaintiff. *See* Amended Complaint, ¶97.

Plaintiff's opposition cites alleged comments by Defendant Albano in February 2020, made outside the presence of Plaintiff. *See* Amended Complaint, ¶¶ 82-84. There is no allegation of fact, accepted as true for purposes of this motion, supporting a rational inference that the alleged

4

statements about Plaintiff's work ethic and that Plaintiff could not be trusted constituted a reference to any alleged sexual harassment complaint by Plaintiff. As with many of the allegations in the Amended Complaint, the facts alleged do not support the inferential leap that Plaintiff seeks linking discrete incidents, occurrences or perceived slights alleged to the January 19, 2019 incident or any other allegation outside the 300-day limitations period for filing an EEOC Charge.

The only allegation relating to a subject matter of a sexual nature even arguably within the 300-day limitations period for filing an EEOC Charge is Plaintiff's claim that other officers displayed inappropriate photos and made other comments to her on numerous occasions up through and including March 2020. *See* Amended Complaint, ¶83. Without conceding the truth of any claims regarding those allegations, that alleged conduct is distinct from, and not a continuation of, the time-barred allegations dating back to 2017, 2018 and January 2019. Plaintiff has not claimed that any of the individuals who engaged in the alleged conduct in 2017, 2018 and January 2019 participated in the conduct alleged in ¶ 83 of the Complaint. There is no information in that paragraph as to who Plaintiff claims engaged in this alleged conduct, how many times or when it occurred. Indeed, as alleged, the conduct could have occurred before March 2020 or even October 2019. *See, e.g., Batista v. Waldorf Astoria,* 2015 WL 4402590, at *8 (S.D.N.Y. July 20, 2015) ("the word 'continuously' is vague and does not communicate the quantity, frequency or cumulative effect on [the] plaintiff's work environment…"). The conduct alleged is a discrete act.

The Court of Appeals for the Second Circuit held that "[u]nder *Morgan,* a sexually offensive incident within the limitations period permits consideration of an incident preceding the limitations period only if the incidents are sufficiently related." *McGullam v. Cedar Graphics, Inc.,* 609 F.3d 70, 77 (2d Cir. 2010), citing *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 118, 122 S.Ct. 2061, 2061, 153 L.Ed.2d 106 (2002) (alleged comment during the 300-day period

for filing a Title VII claim with the EEOC was found to be insufficiently related to the Plaintiff's other claims of hostile work environment based on conduct outside the 300-day period to revive those claims under a continuing violation theory.). The Second Circuit has stated that "[i]n order for a timely incident to prolong a hostile work environment created by earlier action, the timely incident must be sufficiently related to the prior events so that they can be said to be part of the 'same' hostile work environment." *Annunziata v. IBEW Loc. Union # 363*, No. 15-CV-03363 (NSR), 2018 WL 2416568, at *13 (S.D.N.Y. May 29, 2018), quoting *Sanderson v. New York State Elec. & Gas Corp.*, 560 Fed.App'x. 88, 91 (2d Cir. 2014) (summary order), citing *Morgan,* (536 U.S. at 118); *see also Batista v. Waldorf Astoria*, 2015 WL 4402590, at *6 (S.D.N.Y. July 20, 2015) (holding that the incidents outside the 300-day period were not sufficiently related to the incidents within the 300-day period to make them a part of the same hostile work environment where the two sets of events involved different actors, different conduct and were remote in time to each other); *Sealy v. SUNY at Stony Brook*, 834 Fed.App'x 611, 616, fn.2 (2d Cir. 2020) (summary order) (observing that the district court properly did not consider an alleged discriminatory comment "as it occurred outside Title VII's 300-day limitations period and was not 'sufficiently related' to the other alleged incident involving a different employee to be considered part of the same hostile work environment"), citing *McGullam.*, 609 F.3d at 77.

Plaintiff cites *Parra v. City of White Plains,* 48 F.Supp.3d 542 (S.D.N.Y. 2014). In *Parra,* unlike the instant matter, the plaintiff alleged sexually harassing conduct by several supervisors including allegations of harassment by a supervisor both outside and within the 300-day period.

Plaintiff's own allegations confirm that she has not alleged a continuing violation in which any of the conduct occurred within the 300-day limitations period.  Thus, throughout the Complaint, Plaintiff alleges that she suffered alleged injuries relating to the "January 19, 2019

assault ..., and the retaliation that she faced as a result of complaining about that act." (Complaint, ¶ 123.) The Complaint treats the January 19, 2019 incident as a discrete act.

Plaintiff has submitted a copy of a notice of decision from a NYS Workers' Compensation Law Judge dated March 8, 2022 with her opposition to this motion. *See* Declaration of Denise M. Cossu, Esq., dated May 5, 2022, at Exhibit 9. Even assuming that the ALJ's notice of decision were appropriate for submission on a Rule 12(b)(6) motion, the ALJ's notice of decision, issued in a proceeding under the Workers' Compensation Law ("WCL"), does not support Plaintiff's claims in this matter or denial of this motion. The ALJ's finding cited by Plaintiff purports to be based upon a provider's report dated "12/30/21", many months after the date of any allegation in the Amended Complaint. Moreover, while the notice of decision references a decision issued earlier at hearing on March 1, 2022 without extensive analysis, it notes that the carrier has excepted to both the finding of prima facie evidence and to the Plaintiff's filing of an amended C-3, noting that the "Carrier raises all issues in controversy and [WCL] Section 28", which is the 2-year statute of limitations under the WCL.

The Amended Complaint contains allegations regarding statements or conduct by a variety of individuals or organizations, including the named Defendants, other employees, her labor union and outside police agencies, often with no alleged connection between the alleged actors and conduct other than Plaintiff's conclusion that the conduct or statements related to her. While all of Plaintiff's claims are baseless, she has failed to allege a continuing violation with respect to the alleged conduct outside the 300-day filing period. Accordingly, Defendants respectfully submit that Plaintiff's Title VII claims, including her sexual harassment and hostile work environment claims, and all other parts of her Title VII claims based on alleged conduct occurring before October 10, 2019, are time-barred pursuant to 42 U.S.C. § 2000e-5(e)(1).

## POINT III

## PLAINTIFF'S NYSHRL CLAIMS SHOULD BE DISMISSED FOR FAILURE TO SERVE A NOTICE OF CLAIM UNDER TOWN LAW § 67

Defendants respectfully refer the Court to their initial memorandum of law in support of this motion for a discussion of the Defendant's position that the Plaintiff's NYSDHR claims are barred by her failure to serve a timely notice of claim pursuant to NY Town Law § 67.

Plaintiff's opposition does not cite any authority challenging, and does not even appear to contest, the extensive authority cited by Defendants for the proposition that the notice of claim requirements of NY Town Law § 67 apply to Plaintiff's claims under the NYSHRL. Instead, Plaintiff argues that the 3-year statute of limitations period under the NYSHRL applies, citing a footnote in a decision with no analysis of the issue or the differences between Town Law § 67 and GML § 50-e (*Tyson v. Town of Ramapo*, 2019 WL 1331913 (S.D.N.Y. 2019)) and a decision involving a village not subject to § 67 containing no discussion of the notice of claim requirements with respect to NYSHRL claims (*Comerford v. Village of North Syracuse*, 2021 WL 950974 (N.D.N.Y. March 12, 2021)). *Comerford,* however, confirms that "[u]nder New York law, a notice of claim is a mandatory precondition to bringing a tort claim against a municipality or any of its officers, agents or employees." *Comerford,* 2021 WL 950974 at * 37, citing *Alexander v. City of Syracuse,* 2018 WL 6591426, at *4, (N.D.N.Y. Dec. 13, 2018).

Plaintiff argues that the Notice of Claim served on or about September 22, 2021 cures the Plaintiff's failure to serve a timely notice of claim, based on a continuing violation theory. In support of her claims, Plaintiff argues that a continuing violation theory is available under the NYSHRL, comparable to the federal anti-discrimination laws. Plaintiff has not, however, cited authority for the application of a continuing violation theory to extend the 90-day time to serve a notice of claim under Town Law § 67. Moreover, even assuming that Plaintiff sought to leave to

8

serve a late notice of claim, only certain New York State Courts have jurisdiction to grant such leave, up to a maximum of 1 year and 90 days. NY GML § 50-e(7).

Further, the alleged conduct within the 90-day period before service of of Plaintiff's September 2021 notice of claim cannot be said to constitute a continuing violation. The allegations in the Amended Complaint regarding conduct after July 1, 2021 relate to leave, benefit and other claims made by Plaintiff, such as claims for workers' compensation and benefits under GML § 207-c. These are discrete claims, which are unique and reviewable in separate proceedings. Indeed, Plaintiff has cited her pending workers' compensation case challenging the initial workers' compensation determination. Plaintiff should not be able to pursue supplemental NYSDHR claims when the Plaintiff's underlying NYSDHR claims set forth in the July 1, 2021 Complaint should be dismissed due to Plaintiff's failure to timely serve a notice of claim under Town Law § 67.

Lastly, Plaintiff argues that even if the NYSDHR claims are dismissed for failure to serve a timely notice of claim, she can still maintain her claims under NY Executive Law §§ 296(6) and (7) against the individual Defendants. The Defendants respectfully submit that the dismissal of Plaintiff's failure to serve a timely notice of claim warrants dismissal of all of Plaintiff's claims under the NYSHRL since liability for the employer must be established before accessorial liability can be found as to an alleged aider and abettor. *See, e.g., Jain v. McGraw-Hill Cos.*, 827 F.Supp.2d 272, 277 (S.D.N.Y. 2011); *see also France v. Touro College*, 2016 WL 1105400, at *9 (E.D.N.Y. Feb. 16, 2016), *report and recommendation adopted*, 2016 WL 1117459 (E.D.N.Y. Mar. 21, 2016). However, to the extent that Plaintiff's claims against the individual Defendants under the NYSHRL, or any other claims, are not dismissed pursuant to this motion under Town Law § 67, the Defendants respectfully reserve the right to present all defenses, evidence, motions and arguments with respect to any and all remaining claims in this matter at a later point in this matter.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth more fully in Defendants' memorandum of law in support of their motion to dismiss, Defendants respectfully submit that: (1) Plaintiff's Title VII claims based upon alleged conduct occurring more than 300 days before the filing of her EEOC Charge should be dismissed as untimely pursuant to 42 USCA § 2000e-5(e)(1); and (2) Plaintiff's claims pursuant to the NYSHRL should be dismissed due to Plaintiff's failure to timely serve a notice of claim and/or otherwise comply with NY Town Law § 67.

Dated: Lake Success, New York
        May 27, 2022

                              Respectfully submitted,
                              LAW OFFICE OF VINCENT TOOMEY,
                              Attorneys for Defendants, Town of Greenburgh,
                              Brian Ryan, Chris McNerney, Kobie Powell
                              and ~~Frank~~ Farina,

                              By_____
                              Thomas J. Marcoline (TM 6454)
                              LAW OFFICE OF VINCENT TOOMEY
                              3000 Marcus Avenue, Suite 1W10
                              Lake Success, New York 11042
                              tmarcoline@vtlawoffice.com
                              (516) 358-5690

Denise M. Cossu, Esq.
MURTAGH, COSSU, VENDITTI & CASTRO-BLANCO LLP
1133 Westchester Avenue
White Plains, New York 10604

Anthony G. Piscionere, Esq.
PISCIONERE & NEMAROW, P.C.
363 Boston Post Road
Rye, New York 10580

Daniel A. Seymour, Esq.
WILSON, BAVE, CONBOY, COZZA & COUZENS, P.C.
707 Westchester Avenue, Suite 213
White Plains, New York 10604