

> By December 20, 2024, Plaintiff shall file a letter in response to Defendants' letter-motion dated December 13, 2024. To the extent she has served a 76-page counterstatement of facts and a brief that is not in conformity with the Court's formatting requirements, Plaintiff shall advise in her letter whether she intends to withdraw any papers that were served that fail to comply with the Court's prior orders and directives. Separately, in the event Plaintiff seeks to withdraw claims against additional defendants, the parties shall meet and confer and file an order and stipulation to that effect by December 20, 2024.
>
> SO ORDERED.
>
> _/s/ Philip M. Halpern_
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> December 16, 2024

December 13, 2024

**VIA ECF**

Hon. Judge Philip M. Halpern
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1950
New York, New York 10007

Re: *Kristin Stein v. Town of Greenburgh*, et al. 21-cv-05673 (PMH)
File No.: 11174.00005

Dear Judge Halpern:

We represent defendants the Town of Greenburgh, former Greenburgh Police Chief Chris McNerney, current Greenburgh Police Chief Kobie Powell, and Captain Frank Farina (the "Town Defendants"). We, on behalf of all defendants, seek the Court's assistance regarding Plaintiff's failure to comply with this Court's instructions regarding opposition to the defendants' joint motion for summary judgment. Specifically, Plaintiff served (1) a 76-page, 401-paragraph Counterstatement of Facts, and (2) a memorandum of law in opposition that appears to be non-compliant with this Court's rules and order in this case. We ask that the Court strike these two documents and require Plaintiff to provide opposition papers compliant with the Court's rules and prior orders.

### Plaintiff's Violation of This Court's Page Limitations

As the Court knows, Defendants had previously requested an extension of the page limit

1133 Westchester Avenue | White Plains, NY 10604 | p 914.323.7000 | f 914.323.7001
150 East 42nd Street | New York, NY 10017 | p 212.490.3000 | f 212.490.3038 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Beaumont, TX | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO
Detroit, MI | Edwardsville, IL | Florham Park, NJ | Garden City, NY | Hartford, CT | Houston, TX | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA
Louisville, KY | McLean, VA | Merrillville, IN | Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orlando, FL | Philadelphia, PA | Phoenix, AZ
Raleigh, NC | San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Washington, DC | West Palm Beach, FL | White Plains, NY

305746066v.1



*Kristin Stein v. Town of Greenburgh*, et al.
21-cv-05673 (PMH)
- 2 –

for their 56.1 Statement and Memoranda of Law in this matter due to concerns about presenting all arguments applicable to the 17 defendants and 10 claims remaining in the case at the conclusion of discovery. DE# 120, 122. Defendants wrote to the Court on January 2, 2024, seeking enlargement of their joint Rule 56.1 Statement to 60 pages. DE #120. The Court denied that request, setting a page limit of 45 pages. DE #121 (1/2/2024). The Court also denied Defendants' subsequent request to reconsider extending the page limit of the 56.1 Statement to 60 pages. DE #123.

In a subsequent letter from Plaintiff to the Court it became apparent that the parties had misinterpreted the application of the 45-page limit and this Court clarified that it applied to Defendants' Rule 56.1 Statement including Plaintiff's responses:

> Additionally, plaintiff appears to represent that defendants' portion of the Rule 56.1 Statement is presently 45 pages, but the Court permitted an enlargement of the page limits for the combined Rule 56.1 Statement and responses. (Doc. 121). Accordingly, the parties shall meet and confer to ensure that the Rule 56.1 Statement with responses does not exceed 45 pages. The Court will reject any submission that fails to comply with the Court's orders and rules.

DE #125 (Order 3/38/2024).

This Court held a conference on April 11, 2024 and confirmed that the 45-pages were to include both Defendants' Rule 56.1 statement and Plaintiff's responses, and that the parties should confer on the allocations of pages to the Defendants' statements and Plaintiff's responses. See Ex. A (4/11/24 Transcript at 4-5). At the hearing, the Court instructed Plaintiff's counsel that an additional plaintiff's counterstatement of facts was not necessary, and that the parties were to put forward the statement of facts and responses within the 45 pages allotted for the Rule 56.1 Statement. Ex. A at 16:12-19:8. Following the conference, the parties conferred and finalized a 45-page Rule 56.1 Statement which was submitted to the Court. DE #132.

305746066v.1

Separately, this Court granted the parties' respective requests for an extension of the page limit applicable to their memorandum of law to 40 pages. DE #136.

Defendants served their motion papers in compliance with this Court's page limits. On November 25, 2024, Plaintiff served her opposition to the Defendants' joint motion for summary judgment which included a separate 76-page Counterstatement of Material Facts containing 401 paragraphs, in addition to the 45-page Rule 56.1 Statement of Facts that the Parties previously exchanged. Additionally, in Plaintiff's memorandum of law, in lieu of the statement of facts required by this Court's Individual Practices, Plaintiff merely incorporates the 76-page Counterstatement of Facts by reference, thereby effectively submitting not a 40-page memorandum of law, as limited by this Court, but a 116-page memorandum of law.[1] Ex. B (Plaintiff's Opposition Memorandum) at p. 1.

Plaintiffs 76-page Counterstatement, which is more than twice as long as Defendants' 56.1 Statement, and Plaintiff's memorandum in opposition incorporating that counterstatement, are in clear violation of this Court's rules and prior orders. Accordingly, Defendants request that these documents be stricken and that Plaintiff be ordered to submit opposition papers in compliance with the Court's rulings.

---

[1] Defendants also question whether Plaintiff's memorandum of law complies with the court's formatting requirements, as Plaintiff's memorandum appears to contain more lines of text per page than standard double-spaced, 1-inch formatting. Defendants could not directly assess this issue as the document provided by Plaintiff was in PDF. Defendants do not seek to burden the court with trivial discrepancies, or to mischaracterize Plaintiff's papers to the extent they are in fact compliant with formatting rules, but Defendants do seek to have equal page limitations applied to all parties. *See* Individual Practices 4.J; SDNY Local Rule 11.1.

*Kristin Stein v. Town of Greenburgh*, et al.
21-cv-05673 (PMH)
- 4 –

**<u>Plaintiff's Belated Dismissal of Individual Defendants</u>**

In this action, Plaintiff asserted 14 claims against 17 different defendants. After the close of discovery, Defendants approached Plaintiff about voluntarily dismissing numerous individual defendants for whom there was no evidence of wrongdoing. Plaintiff declined to voluntarily dismiss any defendants until the issue was raised at the April 11, 2024 court conference.

At the conference, this Court advised Plaintiff that if there were individual defendants who should be let out of the case, now was the time to do so, before the parties briefed motions as to those individuals. Ex. A at 25:13-17. Plaintiff objected that she first needed to see Defendants' proof before determining whether an individual defendant could be dismissed. Ex. A at 25:18-21. This Court disagreed, indicating that as Plaintiff had the burden of proof, Plaintiff could independently assess whether there was a failure of proof as to any individual defendant, and should meet and confer with Defendants on the subject of voluntary dismissal. Ex. A at 25:22-27:10. By stipulation dated May 1, 2024, Plaintiff voluntarily dismissed all claims against nine individual defendants, but not against individual defendants Kozakiewicz and Albano. DE #131. Accordingly, Defendants proceeded to brief their motion as to the remaining 8 defendants.

By way of a single sentence buried at the end of a footnote in her November 25, 2024 Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, Plaintiff notes that "Upon further review, and in the interest of judicial economy, Plaintiff hereby seeks to withdraw her claims, with prejudice against Frank Kozakiewicz and Dyana Albano." Ex. B at 1 n.1. Notably, Defendants identified deficiencies in the claims against these individuals in their May 29, 2024 pre-motion letter and devoted space in their memorandum of law in support of summary judgment to arguments concerning these individuals. DE #132 at ¶¶4, 9.

305746066v.1



*Kristin Stein v. Town of Greenburgh*, et al.
21-cv-05673 (PMH)
- 5 –

### Conclusion

Defendants request that Plaintiff's (1) 76-page Counterstatement of Facts and (2) Memorandum of Law served in Opposition to Defendants' Motion for Summary Judgment be stricken and that Plaintiff be required to serve opposition papers in compliance with this Court's prior rulings regarding page limitations in this matter.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

*/s/ John M. Flannery*

John M. Flannery

cc:   Counsel of Record (via ECF)

305746066v.1