

## MURTAGH, COSSU, VENDITTI & CASTRO-BLANCO, LLP
## ATTORNEYS AT LAW
222 BLOOMIN~~GDALE ROAD~~
WHITE PLA~~INS~~
Tel
Fax

> The Court construes this letter-motion as a request for a pre-motion conference and grants that request. A conference has been scheduled for March 25, 2026 at 10:00 a.m. to be held in Courtroom 520 of the White Plains courthouse. The parties are reminded that the Court may, at its discretion, construe and rule upon a pre-motion letter as the motion itself. *See* Individual Practices Rule 2(C). Accordingly, Plaintiff may, if she be so advised, file a reply to Defendants' opposition letter by March 23, 2026.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>             March 17, 2026

**John M. Murtagh, Esq**
E-mail: jmurtagh@mcvclaw.com
Direct Dial: (914) 831-6239

Hon. Philip M. Halpern
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

Re:    ***Kristin Stein v. Town of Greenburgh, et al.***
         **Civil Action No: 7:21cv05673 (PMH**

Your Honor:

Pursuant to the Court's direction at the January 28, 2026 Final Pretrial Conference, Plaintiff respectfully submits this letter regarding Defendants' March 4, 2026 trial subpoena seeking extensive materials relating to Plaintiff's wedding and post-deposition travel. The parties have conferred but were unable to resolve the issue. Plaintiff therefore respectfully requests that the Court quash the subpoena pursuant to Federal Rule of Civil Procedure 45.

Defendants previously attempted to obtain these same materials through post-discovery requests for supplementation under Rule 26(e). At the January 28 conference, the Court declined to compel additional production, explaining that Rule 26(e) does not require a party to produce documents that did not exist prior to the close of discovery. (**Ex. 1,** Jan. 28, 2026 Tr. 11:1–6.) The Court noted that Defendants could serve trial subpoenas and that any resulting disputes would be addressed by the Court as they arise. (**Ex. 1,** Jan. 28, 2026 Tr. 11:6–9.)

Following that conference, Defendants served the present subpoena, which demands:

1.  All documents (including but not limited to social media posts), photographs, and video recordings regarding Plaintiff's wedding, including any and all wedding-related festivities (e.g., bachelorette party, rehearsal dinner, etc.); and

2.  All documents (including but not limited to social media posts), photographs, and video recordings regarding any vacations or trips taken by Plaintiff since the time of her deposition, including any trips out of state or any honeymoon.

Hon. Philip M. Halpern
March 10, 2026
Page 2

(**Ex. 2.**)

The subpoena thus seeks every photograph, video, and social-media post relating to Plaintiff's wedding and all related events, as well as every photograph, video, or social-media post relating to any travel occurring after Plaintiff's deposition. Rather than identifying discrete materials for use at trial, it demands wholesale production of "all documents (including but not limited to social media posts), photographs, and video recordings" relating to Plaintiff's wedding and subsequent travel – precisely the type of expansive narrative exploration the Court cautioned would not occur when it explained that the trial would not "walk down memory lane" or watch the wedding develop "hour by hour, day by day, month by month." (**Ex. 1,** Jan. 28, 2026 Tr. 31:11-12, 17-19.)

Plaintiff has already produced representative photographs from her wedding reflecting the same point Defendants appear to seek to make - that Plaintiff married and appears happy in her relationship. Defendants therefore already possess materials capable of supporting whatever limited impeachment theory they may wish to pursue.

To the extent Defendants believe particular photographs are relevant for impeachment, they may identify those materials specifically; Rule 45 does not permit a subpoena demanding wholesale production of every photograph, video, and social-media post relating to Plaintiff's wedding and subsequent travel. However, at the meet and confer held on March 9, 2026, Defendants refused to engage in any discussion regarding limiting the scope of their subpoena and failed to articulate a reason for their overbroad demands.

Rule 45 authorizes courts to quash subpoenas that impose an undue burden or otherwise exceed the proper scope of trial evidence. Fed. R. Civ. P. 45(d)(3)(A)(iv). Although Rule 45 permits the issuance of subpoenas for use at trial, courts consistently recognize that trial subpoenas may not be used as substitutes for discovery. Trial subpoenas are appropriate only in limited circumstances, such as securing an original document previously disclosed during discovery or obtaining materials necessary for memory recollection or trial preparation. *See Revander v. Denman*, 2004 U.S. Dist. LEXIS 628, at *2 (S.D.N.Y. Jan. 21, 2004); *see also Marsh USA, Inc. v. Millett*, 2023 U.S. Dist. LEXIS 149421, at *2–3 (S.D.N.Y. Aug. 22, 2023); *Hickey v. Myers*, 2013 U.S. Dist. LEXIS 77419, at *15–17 (N.D.N.Y. June 3, 2013).

Consistent with that principle, courts repeatedly hold that parties may not issue subpoenas after the close of discovery as a means of obtaining discovery that could have been pursued earlier. *Marsh USA, Inc.,* 2023 U.S. Dist. LEXIS 149421, at *2. Courts therefore distinguish between proper trial subpoenas seeking discrete materials for impeachment and improper subpoenas that seek broad categories of documents resembling discovery requests. Where a subpoena demands sweeping categories of materials – such as requests for "any and all records"—courts routinely quash the subpoena because such requests function as discovery devices rather than legitimate trial subpoenas. *Marsh USA, Inc.,* 2023 U.S. Dist. LEXIS 149421 at *3; *Revander*, 2004 U.S. Dist. LEXIS 628, at *3; *Hickey,* 2013 U.S. Dist. LEXIS 77419, at *16–17.

The subpoena here falls squarely within that prohibited category. Rather than identifying specific materials Defendants actually intend to use at trial, the subpoena demands wholesale production of every photograph, video, and social-media post relating to Plaintiff's wedding

Hon. Philip M. Halpern
March 10, 2026
Page 3

festivities and every photograph, video, or social-media post relating to any travel occurring after Plaintiff's deposition. Requests framed in such sweeping terms mirror traditional document discovery demands and are routinely rejected when served as trial subpoenas.

The breadth of the subpoena is particularly inconsistent with the Court's guidance at the Final Pretrial Conference. While acknowledging that Defendants might seek limited evidence relating to Plaintiff's wedding in connection with their challenge to Plaintiff's emotional-distress claims, the Court expressly cautioned that the trial would not become a narrative exploration of Plaintiff's personal life, explaining that "we're not going to walk down memory lane … [and] we're not going to watch the wedding develop hour by hour, day by day, month by month." (**Ex. 1,** Jan. 28, 2026 Tr. 31.)

By demanding every photograph, video, and social-media post relating to Plaintiff's wedding festivities and subsequent travel, the subpoena seeks precisely the type of expansive "memory lane" exploration the Court indicated would not occur.

Nothing in the Court's guidance at the Final Pretrial Conference suggested that Defendants could obtain wholesale discovery of Plaintiff's wedding festivities or subsequent travel. Because the subpoena seeks sweeping categories of personal materials rather than discrete evidence for use at trial—and because Plaintiff has already produced representative materials addressing the limited point Defendants seek to make—Rule 45 does not permit the subpoena to function as a post-discovery discovery device.

For these reasons, Plaintiff respectfully requests that the Court quash the subpoena or, in the alternative, limit it to specifically identified materials Defendants actually intend to use at trial.

Respectfully submitted,

John M. Murtagh

/bh
Attachments